EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Horizon Media Corp.<br><br>    Peticionarios<br><br>          v.<br><br>Junta Revisora de Permisos y uso de Terrenos de Puerto Rico<br><br>    Recurridos<br><br>RA Holdings<br><br>    Recurrido | Certiorari<br><br>2014 TSPR 83<br><br>191 DPR ____ |

Número del Caso: CC-2013-0826

Fecha: 30 de junio de 2014

Abogado de la Parte Peticionaria:

        Lcdo. Edwin Hernández Salgado

Agencia Recurrida:

        Junta Revisora de Permisos

Materia: Derecho Administrativo – Arts. 7 y 15 de la Ley Núm. 18-2013- foro con competencia para revisar judicialmente las decisiones de la Junta Revisora de Permisos y uso de Terrenos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Horizon Media Corp.

    Peticionarios

       v.

Junta Revisora de Permisos y        CC-2013-826       Certiorari
Uso de Terrenos de Puerto
Rico

    Recurridos

RA Holdings

    Recurrido

      Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 30 de junio de 2014.

      Mediante el presente caso interpretamos la reciente Ley Núm. 18-2013, que introdujo importantes enmiendas a la Ley Núm. 161-2009 conocida como Ley para la Reforma del Proceso de Permisos de Puerto Rico.

      El presente caso nos brinda la oportunidad de aclarar el alcance del Art. 7 y del Art. 15 de la Ley Núm. 18-2013, en cuanto a qué tribunal tiene competencia para atender los recursos de revisión judicial de una resolución emitida por la Junta Revisora de Permisos y Uso de Terrenos (Junta Revisora).

I

El 13 de marzo de 2013 la Oficina de Gerencia de Permisos (OGPe) aprobó un permiso de construcción solicitado por Horizon Media Corp. (Horizon o peticionario), para la construcción de una valla digital ubicada en la Ave. Baldorioty de Castro, Esq. Calle Palacios #212, en el Municipio Autónomo de San Juan. Horizon alegó que a principios de 2013 solicitó dicho permiso como parte de los procesos de mantenimiento. Arguyó que lo que en realidad solicitaba era una enmienda al permiso de construcción núm. 01CX2-000000-02280, expedido en el 2001 por la Administración de Reglamentos y Permisos de Puerto Rico (ARPe), para un cambio en el tamaño de la valla.

Por otro lado, RA Holdings, Inc. (RA Holdings o recurrido) expresó que en el 2008 ARPe aprobó un permiso de construcción para una valla publicitaria ubicada en la Calle Gautier Benítez, Bo. Villa Palmeras, en Santurce –calle contigua a la Ave. Baldorioty de Castro. RA Holdings explicó que al momento de la aprobación de este permiso no había instalada valla publicitaria alguna en la propiedad de Horizon. Alegó que el 19 de marzo de 2013 se percató de la presencia de materiales para la construcción de una valla publicitaria en la propiedad del peticionario. Así las cosas, acudió a OGPe y obtuvo un certificado de permiso de construcción el cual revelaba

que la valla publicitaria del peticionario se encontraba a solo 332.87 pies de distancia de su valla publicitaria, esto en clara violación al Reglamento Conjunto de Permisos para Obras de Construcción y Uso de Terrenos que establece que debe haber una distancia de 500 pies entre anuncios ubicados en vías del National Highway System.[1]

A tenor de lo anterior e inconforme con la expedición del permiso, el 27 de marzo de 2013 RA Holdings presentó un recurso de revisión administrativa ante la Junta Revisora. El 16 de abril de 2013 la Junta Revisora celebró una vista pública. RA Holdings argumentó que cuando Horizon presentó la solicitud de permiso de construcción no había valla publicitaria instalada ya que la misma había sido demolida o desmontada y, por lo tanto, la solicitud del peticionario tenía que ser considerada como una solicitud para un nuevo permiso de construcción.

Luego de evaluar toda la prueba, el 19 de julio de 2013 la Junta Revisora revocó el permiso de construcción aprobado por OGPe. Inconforme, Horizon presentó una moción de reconsideración. No obstante, el 29 de agosto de 2013 la Junta Revisora emitió una resolución en la cual declaró "no ha lugar" la moción. **En la resolución le advirtió a las partes que según la Ley Núm. 161-2009[2] la parte adversamente afectada tenía**

---

[1] Regla 29.12.2(b)(2) del Reglamento Núm. 7951 del 30 de noviembre de 2010.

[2] 23 LPRA sec. 9011 et seq.

**treinta días para presentar su recurso de *certiorari* ante el Tribunal Supremo.**

Así las cosas, el 30 de septiembre de 2013 Horizon compareció ante esta Curia mediante el recurso de *certiorari* que nos ocupa. Vista su solicitud, y a tenor con la Regla 50 del Reglamento del Tribunal Supremo,[3] resolvemos que procede transferir el caso de autos a la Secretaría del Tribunal de Apelaciones. Veamos.

## II

## A. Jurisdicción unificada

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[4] Así, en toda situación jurídica presentada ante un foro adjudicativo, lo primero que se debe examinar es el aspecto jurisdiccional.[5] Ante este hecho, esta Curia ha reiterado que "los entes adjudicativos debemos ser celosos guardianes de nuestra jurisdicción, examinando la misma, no empece el asunto no haya sido planteado anteriormente".[6]

---

[3] 4 LPRA XXI-B.

[4] Cordero, et al. v. OGPe et al., 187 DPR 445, 456 (2012); Shell v. Srio. Hacienda, 187 DPR 109, 122 (2012); Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403 (2012); SLG Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011).

[5] Cordero, et al. v. OGPe et al., supra, pág. 457; Cruz Parrilla v. Depto. Vivienda, supra.

[6] Cordero, et al. v. OGPe et al., supra, pág. 457; Cruz Parrilla v. Depto. Vivienda, supra.

Ahora bien, el Art. V, Sec. 2 de nuestra Constitución establece que nuestros tribunales constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración.[7] En cuanto a dicha sección, el informe de la Comisión de la Rama Judicial de la Convención Constituyente expresó que "[e]sta sección establece la completa unificación de los tribunales de Puerto Rico. La unificación de los tribunales produce, entre otros efectos, la eliminación de problemas técnicos de jurisdicción".[8]

Así las cosas, en Freire Ayala v. Vista Rent, 169 DPR 418, 441 (2006) explicamos que:

> [d]esde la aprobación de la Constitución del Estado Libre Asociado de Puerto Rico en 1952 y la Ley de la Judicatura de ese mismo año, **nuestros tribunales dejaron de funcionar como células u órganos separados e independientes. A partir de ese momento, pasaron a formar una sola organización, un solo conjunto, un tribunal único, bautizado con el nombre de Tribunal General de Justicia,** hoy compuesto por el Tribunal Supremo, el Tribunal de Apelaciones y el Tribunal de Primera Instancia. (Énfasis nuestro).

Además, enfatizamos que el propósito de crear la jurisdicción unificada fue para

> eliminar el oscuro concepto de "jurisdicción", causa de que se frustrase en muchos casos, por la fijación de rígidas fronteras artificiales, la causa de la justicia. La Ley de la Judicatura

---

[7] Art. V, Sec. 2, Const. ELA, LPRA, Tomo 1, ed. 1999.

[8] 4 Diario de Sesiones de la Convención Constituyente 2609-2610 (Edición Conmemorativa 2003). Véase, además, Freire Ayala v. Vista Rent, 169 DPR 418, 433 (2006).

> evitó cuidadosamente utilizar dicho concepto, sustituyéndolo por el de "competencia". **Dentro de la teoría de un sistema unificado, cualquier parte del sistema tiene jurisdicción para resolver una causa. El volumen de trabajo, no obstante, se distribuye mediante reglas flexibles de competencia.**[9] (Énfasis nuestro).

A la luz de este principio constitucional, cuando un caso se presenta ante una sala sin competencia, el asunto deberá ser transferido a la sala competente y no podrá ser desestimado por falta de competencia.[10] Así, las reglas de competencia establecen la tramitación ordenada de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada.[11] Esto se debe a que competencia es la manera en que se organiza y se canaliza el ejercicio de la jurisdicción que tiene el tribunal.[12]

Ahora bien, este Tribunal ha expresado que cuando una agencia administrativa no advierte adecuadamente a las partes del foro al cual deben acudir en revisión judicial, no se puede perjudicar a la parte por haber acudido al foro incorrecto, porque esto sería permitir que la agencia se beneficie de actuaciones administrativas que inducen a

---

[9] <u>Freire Ayala v. Vista Rent</u>, supra, pág. 434, citando a J. Trías Monge, <u>El Sistema Judicial de Puerto Rico</u>, San Juan, Ed. Universitaria, 1978, pág. 136.

[10] <u>Polanco v. Tribunal Superior</u>, 118 DPR 350, 354 (1987).

[11] <u>Alvarado Pacheco y Otros v. ELA</u>, 188 DPR 594, 615 (2013); <u>Cosme v. Hogar Crea</u>, 159 DPR 1, 19 (2003) (Opinión de conformidad emitida por la Juez Asociada Señora Naveira, a la que se unió el Juez Asociado Señor Corrada del Río).

[12] <u>Rodríguez v. Cingular</u>, 160 DPR 167, 172 (2003); <u>Lemar S.E. v. Vargas Rosado</u>, 130 DPR 203, 207 (1992).

error a la parte notificada.[13] Así las cosas, a una parte que no fue notificada adecuadamente de su derecho de revisión, no se le pueden oponer los términos para recurrir.[14] Hemos reconocido en estos casos de notificaciones erróneas relacionados con la revisión de una determinación administrativa, que se le debe conceder tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde o atender el recurso de revisión ya presentado, siempre que no haya mediado incuria.[15] La doctrina de incuria se ha definido como "dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad".[16]

Pasemos entonces a analizar la Ley Núm. 161-2009, *supra*, y las enmiendas realizadas por la Ley Núm. 18-2013, para determinar si este Tribunal tiene competencia en el presente caso.

---

[13] Molini Gronau v. Corp. PR Dif. Pub., 179 DPR 674, 686-687 (2010); Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1015 (2008); Carabarín et al. v. ARPe, 132 DPR 938, 958-959 (1993).

[14] Molini Gronau v. Corp. PR Dif. Pub., supra, pág. 687.

[15] Bomberos Unidos v. Cuerpo de Bomberos, 180 DPR 723, 762 (2011); Molini Gronau v. Corp. PR Dif. Pub., supra.

[16] Molini Gronau v. Corp. PR Dif. Pub., supra; Comisión Ciudadanos v. G.P. Real Property, supra, págs. 1020-1021; Aponte v. Srio. de Hacienda, ELA, 125 DPR 610, 618 (1990).

**B. Ley Núm. 161-2009**

La Ley Núm. 161-2009, *supra*, fue creada el 1 de diciembre de 2009 para establecer el marco legal y administrativo que regiría la solicitud, evaluación, concesión y denegación de permisos de uso y de construcción y desarrollo de terrenos por parte del Gobierno de Puerto Rico.[17] Mediante esta ley, se creó la OGPe, entidad encargada de la evaluación, concesión o denegación de determinaciones finales y permisos relativos al desarrollo y el uso de terrenos.[18]

A su vez, esta ley derogó la Ley Núm. 76 de 24 de junio de 1975, según enmendada, conocida como la Ley Orgánica de la Administración de Reglamentos y Permisos. En particular, el Art. 19.10 de la ley dispuso que la Ley Núm. 76, *supra*, se derogará "al año de entrar en vigor esta ley". Esto se debió a que, a pesar de que la Ley Núm. 161-2009, *supra*, entró en vigor inmediatamente el 1 de diciembre de 2009, se estableció un periodo de transición de un año para que la agencia adoptara aquellas medidas necesarias para la transferencia ordenada sin que se afectaran los servicios.

Por su parte, esta ley modificó el foro con competencia para atender las revisiones de las decisiones de la Junta Revisora. Conforme a lo anterior, mientras

---

[17] Exposición de Motivos de la Ley Núm. 161-2009.

[18] 23 LPRA sec. 9012d; Cordero, et al. v. OGPe et al., supra.

estuvieron vigentes los estatutos y reglamentos previos a la aprobación de la Ley Núm. 161-2009, la revisión de las determinaciones de la Junta de Apelaciones sobre Construcciones y Lotificaciones (Junta de Apelaciones), organismo que antecedió a la Junta Revisora, se hacía en virtud de lo dispuesto por la Sec. 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme (LPAU).[19] Dicha disposición específicamente establece que una parte adversamente afectada por una determinación final de la agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro del término de treinta días del archivo en autos de la copia de la notificación de la decisión.

Sin embargo, con la aprobación de la Ley Núm. 161-2009 se creó el Art. 13.1,[20] el cual disponía que:

> Cualquier parte adversamente afectada por una resolución de la Junta Revisora tendrá treinta (30) días naturales para presentar su recurso de certiorari ante el **Tribunal Supremo**. El término aquí dispuesto es de carácter jurisdiccional. Si el Tribunal Supremo así lo solicita, la Junta Revisora elevará al Tribunal Supremo los autos del caso, dentro de los diez (10) días naturales siguientes a la presentación del recurso. (Énfasis nuestro).

Por lo tanto, a partir del 1 de diciembre de 2009 toda persona inconforme con la decisión de la Junta Revisora y que deseara ejercer su derecho a revisión tenía

---

[19] Cordero, et al. v. OGPe et al., supra.

[20] 23 LPRA sec. 9023.

que acudir mediante recurso de *certiorari* ante este Tribunal y no ante el Tribunal de Apelaciones.

C. <u>Ley Núm. 18-2013</u>

Recientemente la Asamblea Legislativa aprobó la Ley Núm. 18-2013 con el propósito de revisar la competencia original y apelativa de este Tribunal. Según la Exposición de Motivos de esta ley, los legisladores entienden que los casos deben seguir su curso ordinario, agotándose todos los procedimientos apelativos antes de que estos sean atendidos por esta Curia.

Con la aprobación de esta ley se realizaron varias enmiendas a la Ley Núm. 161-2009, *supra*, referentes a materia de jurisdicción y competencia. En lo pertinente al caso de autos, el Art. 7 de esta nueva ley enmendó el Art. 13.1 de la Ley Núm. 161-2009, *supra*. Este nuevo artículo dispone que

> [c]ualquier parte adversamente afectada por una resolución de la Junta Revisora tendrá treinta (30) días naturales para presentar su recurso de revisión de decisión administrativa ante el **Tribunal de Apelaciones**. El término aquí dispuesto es de carácter jurisdiccional. Si el **Tribunal de Apelaciones** así lo solicita, la Junta Revisora elevará al **Tribunal de Apelaciones** los autos del caso, dentro de los diez (10) días naturales siguientes a la presentación del recurso. (Énfasis nuestro).

Como podemos observar, el artículo antes mencionado enmendó el Art. 13.1 de la Ley Núm. 161-2009 para disponer que **la parte adversamente afectada por una resolución de la Junta Revisora que interese presentar un recurso de**

**revisión de presentarlo ante el Tribunal de Apelaciones y
no ante este Tribunal como establecía antes.**

Debido a que esta enmienda incide sobre qué foro
tiene competencia para atender los recursos de revisión,
es importante conocer desde cuándo esta ley tiene efecto y
a qué casos aplica la mencionada enmienda. Así las cosas,
al analizar la Ley Núm. 18-2013 podemos observar que el
legislador dispuso en el Art. 15 que la ley comenzaría a
regir inmediatamente después de su aprobación, es decir,
el **15 de mayo de 2013,** y aplicaría a todos los casos
pendientes ante el Tribunal General de Justicia. No
obstante, los **recursos apelativos** que se presentaron con
anterioridad a la vigencia de la ley, se regirían por el
ordenamiento procesal vigente al momento de su
presentación, o sea, el ordenamiento anterior.[21]

Tomamos conocimiento judicial que este artículo ha
creado gran confusión en la Junta Revisora, en cuanto a
qué foro tiene competencia para atender las revisiones
judiciales de los casos que ya se encontraban ante su
consideración cuando entró en vigor la ley. Por ello,
entendemos necesario aclarar el alcance del Art. 7 y del
Art. 15 de la Ley Núm. 18-2013. Veamos.

Al analizar la Ley Núm. 18-2013 vemos que el
legislador creó esta con la intención de que este Tribunal
se dedique a servir como órgano de revisión o de apelación

---

[21] Art. 15 de la Ley Núm. 18-2013.

y no como un tribunal de primera instancia,[22] en lo que atañe exclusivamente a los procesos en que se otorgan permisos. Por esta razón, entendió necesario enmendar el Art. 13.1 de la Ley Núm. 161-2009, para que el recurso de revisión de la decisión administrativa sea presentado ante el Tribunal de Apelaciones y no ante esta Curia. Al analizar el Art. 7 de la Ley Núm. 18-2013 podemos observar que su letra es clara y libre de toda ambigüedad. No existe duda del propósito del artículo y, por lo tanto, no debe ser materia de interpretación bajo el pretexto de cumplir con su espíritu.[23] Por consiguiente, no tenemos que entrar a analizar detenidamente la intención legislativa al crear este artículo.

Por otro lado, el Art. 15 de la Ley Núm. 18-2013 ha creado confusión en cuanto a qué casos le aplican las enmiendas establecidas en la ley. Así las cosas, por la falta de claridad en el mismo tenemos que analizar la letra del artículo junto a la intención del legislador al redactarlo.

Como mencionáramos anteriormente, esta ley comenzó a regir inmediatamente luego de su aprobación. Quiere decir que las enmiendas realizadas a la Ley Núm. 161-2009 se hicieron efectivas a partir del 15 de mayo de 2013. Según el Art. 15 de la Ley Núm. 18-2013 estas enmiendas le

---

[22] Exposición de Motivos de la Ley Núm. 18-2013.

[23] Art. 14 Código Civil de Puerto Rico, 31 LPRA sec. 14.

aplicarían a todos los casos que se encontraban pendientes ante el Tribunal General de Justicia. Ahora bien, al analizar la ley y el Informe Positivo del Senado del 10 de mayo de 2013[24] podemos observar que varios artículos van dirigidos a enmendar la Ley Núm. 161-2009. Así, cuando el legislador dispuso que la ley aplicaría a los casos pendientes en los tribunales, se refería también a casos pendientes ante la OGPe y la Junta Revisora. **Por lo tanto, las enmiendas de la Ley Núm. 18-2013 le aplican a todas las solicitudes de permiso de construcción que se habían presentado ante OGPe o que se encontraban ante la consideración de la Junta Revisora antes del 15 de mayo de 2013.**

Por otro lado, el legislador expresamente dispuso que estas enmiendas no le aplicarían a los recursos apelativos presentados antes de la vigencia de la ley, es decir, antes del 15 de mayo de 2013. **Por consiguiente y en lo pertinente al caso de autos, todos los casos que, a tenor con el Art. 13.1 de la Ley Núm. 161-2009, se habían presentado ante esta Curia antes del 15 de mayo de 2013, permanecerían rigiéndose por el ordenamiento procesal anterior.**

---

[24] El Informe Positivo del Senado del 10 de mayo de 2013 sobre el P. del S. 367 dispone que:

> Por último, con el P. del S. 367 también se propone enmendar la Ley 161-2009, para que sea el Tribunal de Apelaciones el foro que revise las actuaciones, determinaciones finales y resoluciones de la Oficina de Gerencia de Permisos, la Junta Adjudicativa, el Profesional Autorizado o de los Municipios Autónomos. Ello, de igual forma, para promover que el Tribunal Supremo continúe cumpliendo eficientemente su función como órgano de revisión y apelación.

Por lo anterior, queda claro que la intención del legislador con esta ley fue viabilizar la función de este Tribunal como tribunal de última instancia, sin embargo creó esta excepción para mantener una estabilidad en los casos pendientes ante esta Curia.

**Por lo tanto, al analizar la Ley Núm. 18-2013 podemos apreciar que la intención del legislador fue que esta aplicara a todos los casos regidos por la Ley Núm. 161-2009, excepto los que ya se encontraban ante nuestra consideración.**

### III

En el presente caso, Horizon solicitó una enmienda a un permiso de construcción de una valla publicitaria a principios de 2013. Inconforme con la expedición del permiso, el 27 de marzo de 2013 RA Holdings presentó un recurso de revisión administrativa ante la Junta Revisora. Cabe señalar que para esta fecha aún no se había aprobado la Ley Núm. 18-2013. Sin embargo, el 29 de julio de 2013, es decir, dos meses después de aprobada esta ley, la Junta Revisora revocó el permiso de construcción y, el 29 de agosto de 2013 emitió su resolución declarando no ha lugar la moción de reconsideración. Por lo tanto, la Ley Núm. 18-2013 fue aprobada mientras el caso de autos se encontraba bajo la consideración de la Junta Revisora.

A tenor de lo anterior, cuando se aprobó esta ley el caso se encontraba pendiente ante la Junta Revisora y aún

no se había presentado el recurso apelativo ante este Tribunal. Así las cosas, la Junta Revisora tenía que aplicar las enmiendas de la Ley Núm. 18-2013 a este caso y notificar que la parte adversamente afectada podía acudir ante el Tribunal de Apelaciones y no ante este Tribunal. **Esto pues, con la aprobación de la nueva ley, este foro perdió competencia para atender los recursos apelativos que se presenten de una revisión de la Junta Revisora luego del 15 de mayo de 2013.**

## IV

Por los fundamentos que anteceden, y a tenor de la Regla 50 del Reglamento del Tribunal Supremo, *supra*, expedimos el auto de *certiorari* solicitado y debido a que no hubo incuria por parte de los peticionarios se ordena la transferencia del caso de nuestra Secretaría a la Secretaría del Tribunal de Apelaciones, de acuerdo a lo señalado en esta Opinión.

Se dictará Sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Horizon Media Corp.

    Peticionarios

       v.

Junta Revisora de Permisos y     CC-2013-826     Certiorari
Uso de Terrenos de Puerto
Rico

    Recurridos

RA Holdings

    Recurrido


SENTENCIA


San Juan, Puerto Rico, a 30 de junio de 2014.

    Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, expedimos el auto de *certiorari* solicitado y debido a que no hubo incuria por parte de los peticionarios se ordena la transferencia del caso de nuestra Secretaría a la Secretaría del Tribunal de Apelaciones, de acuerdo a lo señalado en esta Opinión.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta, la Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada Oronoz Rodríguez concurren con el resultado sin opinión escrita.


                          Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo