EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José L. García Sierra<br><br>Peticionario<br><br>v.<br><br>Administración de Corrección y Rehabilitación | Certiorari<br><br>2015 TSPR 43<br><br>192 DPR ____ |

Número del Caso:   CC-2015-151

Fecha: 13 de abril de 2015

Materia: Resolución con Votos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
SALA II


José L. García Sierra

   Peticionario

     v.

   Certiorari

Administración de Corrección
y Rehabilitación

   Recurrida

CC-2015-151


Sala de Despacho integrada por la Juez Asociada señora Rodríguez Rodríguez como su Presidenta y los Jueces Asociados señor Kolthoff Caraballo y señor Estrella Martínez.


RESOLUCIÓN


San Juan, Puerto Rico, a 13 de abril de 2015.


A la petición de certiorari, no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto particular Disidente.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José L. García Sierra

   Peticionario

      v.                                        CC-2015-151      Certiorari

Administración de Corrección
y Rehabilitación

   Recurrida

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 13 de abril de 2015.

En el pasado, hemos advertido el peligro de que las agencias administrativas se beneficien o lesionen derechos de ciudadanos por motivo de realizar notificaciones defectuosas que pueden inducir a error a la parte que interesa ejercer su derecho a solicitar revisión ante la Rama Judicial. Hoy nos encontramos ante una de las situaciones en que más lesivo resultaría devolver la controversia a la agencia para que recaiga en sus manos enmendar un formulario de notificación defectuoso, el cual reiteradamente se ha negado a reformular. Ello, porque estamos ante un patrón de incumplimiento de la Administración de Corrección en procesos de notificación a la

población correccional, lo que provoca que la agencia de la cual el peticionario desea solicitar revisión ante la Rama Judicial mantenga la llave para activar ese proceso.

Ante ese cuadro, disiento del proceder de una Mayoría de la Sala II de este Tribunal. En su lugar, acogería el recurso que nos ocupa con el fin de examinar si el foro apelativo intermedio venía llamado a dilucidar en los méritos el reclamo incoado por el confinado.

Expuesta así la controversia, procedo a esbozar los antecedentes fácticos y procesales que la suscitaron.

I

Tras la celebración de una vista disciplinaria, el señor José L. García Sierra (señor García Sierra o peticionario) fue encontrado incurso en infringir el Código 125 del Reglamento Núm. 7748 de 21 de septiembre de 2009, conocido como *Reglamento Disciplinario para la Población Correccional*. Por tal motivo, la Administración de Corrección le impuso como sanción una segregación disciplinaria de 60 días. La referida vista disciplinaria se celebró el 19 de mayo de 2014 y el 22 de mayo de ese mismo año se le notificó personalmente la Resolución administrativa al señor García Sierra. Adviértase que esta Resolución contiene un lenguaje estándar que le apercibe al peticionario que de no estar de acuerdo con la determinación de la agencia, "tiene derecho de solicitar Reconsideración ante la Oficina de Asuntos Legales, dentro de VEINTE (20) días calendarios contados a partir de la notificación de la

Resolución. Deberá solicitar al Oficial de Querellas que le provea el formulario para solicitar la Reconsideración. La parte adversamente afectada podrá, sin embargo dentro del término de TREINTA (30) días, presentar una solicitud de Revisión Judicial ante el Tribunal de Apelaciones, a partir de la fecha del Archivo en Autos de la Copia de la Notificación de la Resolución Final de la Agencia". *Véase* Apéndice del recurso de *certiorari*, Anejo Núm. 2.

Oportunamente, el 23 de mayo de 2014, el señor García Sierra presentó una moción de reconsideración ante la agencia.[1] En esencia, solicitó que se revocara la sanción impuesta en su contra. El 24 de junio de 2014, la referida moción fue declarada no ha lugar. Sin embargo, no fue hasta el 19 de septiembre de 2014 que esta determinación le fue notificada al peticionario. Allí, se le apercibió de su derecho a presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, "dentro del término de 30 días calendarios a partir de la fecha de la resolución final de la agencia". *Véase* Apéndice del recurso de *certiorari*, Anejo Núm. 3.

De esta última notificación e inconforme con la determinación de la agencia, el 20 de octubre de 2014, el señor García Sierra recurrió ante el Tribunal de Apelaciones mediante recurso de revisión. El 17 de diciembre de 2014, el foro apelativo intermedio emitió una Sentencia en la cual

---

[1] Del expediente administrativo se desprende que no es hasta el 24 de junio de 2014 que la Oficina de Asuntos Legales recibió la solicitud de reconsideración presentada por el Sr. José L. García Sierra.

desestimó el recurso por considerarlo prematuro. Esencialmente, concluyó que aunque la Resolución notificada del 22 de mayo de 2014 le apercibe al peticionario del término para solicitar reconsideración, ésta no explica cómo se activan los términos particulares para acudir en revisión judicial. Esto es, la Resolución no dispone la manera en que comienzan a transcurrir los términos cuando la agencia acoge la solicitud de reconsideración, actúa sobre ella, la rechaza de plano o guarda silencio. Ello, conforme a la Sec. 3.15 de la Ley de Procedimiento Uniforme del Estado Libre Asociado de Puerto Rico[2] (LPAU), *infra*, y su jurisprudencia interpretativa.

En consecuencia, el Tribunal de Apelaciones sostuvo que la notificación incompleta en términos de los derechos que le asisten al señor García Sierra para revisar la determinación de la agencia, resulta en una notificación defectuosa que infringe el debido proceso de ley. Por ello, dictaminó que el recurso presentado era prematuro, hasta tanto la agencia enmendara su formulario de notificación para cumplir con todas las advertencias que requiere la LPAU.

En desacuerdo con ese proceder, el señor García Sierra recurrió ante este Tribunal. No obstante, mediante Resolución emitida en el día de hoy, se declara no ha lugar el recurso de *certiorari* presentado.

---

[2] Ley Núm. 170 de 12 de agosto de 1988, 3 LPRA sec. 2101 *et seq.*

Coincido con el razonamiento del Tribunal de Apelaciones en torno a la notificación defectuosa y las serias consecuencias jurídicas del incumplimiento de la agencia, pero no considero que el remedio otorgado en este caso particular sea desestimar el recurso por prematuro. Por los fundamentos que expondré a continuación, opino que el Tribunal de Apelaciones venía llamado a atender el recurso de revisión presentado. En consecuencia, disiento.

**II**

Con el fin de exponer los fundamentos que me llevan a disentir del dictamen que hoy emite la Sala II de este Tribunal, es imperativo examinar el marco estatutario y jurisprudencial pertinente. Procedo.

Como es conocido, la LPAU se promulgó con el propósito de uniformar los procedimientos administrativos ante las agencias. De esta forma, se estableció un cuerpo de reglas mínimas para gobernar los procesos de adjudicación y reglamentación en la administración pública. Vitas Health Care v. La Fe *et al.*, 190 DPR 56, 65 (2014). A tono con ello, se ha determinado que, de ordinario, las disposiciones de la LPAU desplazan y tienen primacía con relación a toda regla de una agencia que sea contraria a la referida legislación. Vitas Health Care v. La Fe *et al.*, *supra*, pág. 66; Perfect Cleaning v. Cardiovascular, 162 DPR 745, 757 (2004). En otras palabras, aquellos organismos administrativos que no estén excluidos de aplicación de la LPAU carecen de autoridad para adoptar requisitos

adicionales o distintos a los establecidos por esa ley. Vitas Health Care v. La Fe *et al.*, *supra*, pág. 66. Por tanto, desde la aprobación de la LPAU las agencias vienen llamadas a llevar a cabo sus procedimientos de reglamentación, adjudicación y concesión de licencias y permisos en armonía con los capítulos correspondientes de ese esquema legal. Perfect Cleaning v. Cardiovascular, *supra*, pág. 757.

**A.**

Por tratarse de lo que concierne a la controversia ante nos, examinaré la Sec. 3.15 de la LPAU, de la cual surge expresamente que:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de

esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. 3 LPRA sec. 2165.

Como se puede apreciar, la precitada sección establece que una vez se presenta una oportuna solicitud de reconsideración la agencia dispone de quince (15) días para actuar. En la eventualidad de que ésta rechace de plano la reconsideración incoada o no actúe dentro del mencionado plazo, el término para solicitar la revisión judicial comenzará a transcurrir nuevamente.

Por su parte, si la agencia oportunamente decide tomar alguna acción con respecto a la moción de reconsideración, ésta cuenta con un término de noventa (90) días, a partir de la presentación de la reconsideración, para resolverla. A esos efectos, el plazo de treinta (30) días para recurrir en revisión judicial comenzará a transcurrir desde la fecha en que se archive en autos copia de la notificación de la Resolución que resuelva la moción de reconsideración de forma definitiva.

En cambio, si la agencia acoge la moción de reconsideración, pero no la resuelve dentro del plazo de noventa (90) días, ésta perderá jurisdicción y, por ende, el término para solicitar revisión judicial comenzará a contar desde el vencimiento de los mencionados noventa (90) días. Nótese, sin embargo, que la agencia puede extender el término de noventa (90) días por un máximo de treinta (30) días adicionales por justa causa y siempre que actúe dentro de los noventa (90) días originales que LPAU establece para

resolver la moción de reconsideración. <u>Asoc. Condómines v. Meadows Dev.</u>, 190 DPR 843, 850 (2014).

**B.**

De otra parte, sabido es que la Sec. 3.14 de la LPAU establece que toda orden o resolución final emitida por una agencia advertirá el derecho a solicitar reconsideración o instar un recurso de revisión judicial, **con expresión de los términos correspondientes que tienen las partes para ejercer tal derecho**. *Véase* 3 LPRA sec. 2164. La aludida sección dispone que cumplido este requisito comenzarán a transcurrir los respectivos plazos. Íd. Por tanto, si al notificar la determinación administrativa la agencia no cumple con todas las advertencias que requiere la LPAU, ello constituirá una notificación defectuosa.

Con relación a lo anterior, en reiteradas ocasiones este Tribunal ha determinado que se incumple con las exigencias del debido proceso de ley cuando no se notifica adecuadamente una determinación administrativa a una parte afectada por ella. <u>Molini Gronau v. Corp. PR Dif. Pub.</u>, 179 DPR 674, 686 (2010); <u>Comisión Ciudadanos v. GP Real Property</u>, 173 DPR 998, 1014 (2008). A tono con ello, hemos resuelto que una notificación defectuosa no activa los términos para solicitar reconsideración o acudir en revisión judicial. <u>Horizon Media Corp. v. Junta de permisos y uso de terrenos de PR</u>, res. el 30 de junio de 2014, 2014 TSPR 83, 191 DPR ___ (2014); <u>Molini Gronau v. Corp. PR Dif. Pub.</u>, *supra*, pág. 687; <u>Comisión Ciudadanos v. GP Real Property</u>,

*supra*, pág. 1015; Maldonado v. Junta de Planificación, 171 DPR 46, 58 (2007). En ese sentido, la parte afectada por la determinación administrativa quedará sujeta a la doctrina de incuria. Molini Gronau v. Corp. PR Dif. Pub., *supra*, pág. 687; Maldonado v. Junta de Planificación, *supra*, pág. 58.

Cabe señalar que en virtud de la doctrina de incuria se impide a una parte instar un recurso cuando por su dejadez o negligencia, en conjunto con el transcurso del tiempo y otras circunstancias pertinentes, se causa perjuicio a otra. Horizon Media Corp. v. Junta de permisos y uso de terrenos, *supra*; Molini Gronau v. Corp. PR Dif. Pub., *supra*, pág. 687; Maldonado v. Junta de Planificación, *supra*, pág. 58. En cuanto a ello, repetidamente este Tribunal ha expresado que no basta el mero transcurso del tiempo para impedir el ejercicio de una acción; más bien, se deben ponderar otras circunstancias antes de desestimar el recurso instado, tales como: (1) la justificación, si alguna, de la demora; (2) el perjuicio que ésta acarrea y; (3) el efecto sobre intereses privados o públicos involucrados. Maldonado v. Junta de Planificación, *supra*, pág. 58; Pérez, Pellot v. JASAP, 139 DPR 588, 599 (1995). Esto es, cada caso debe ser evaluado a la luz de los méritos y demás circunstancias particulares, ya que la doctrina de la incuria sigue vinculada a la idea fundamental de la equidad: es decir, se procuran soluciones justas, apartándose del rigorismo intransigente. *Véanse* Pueblo v. Valentín, 135 DPR 245, 256 (1994); Torres Arzola

v. Policía de PR, 117 DPR 204, 209 (1986); Pueblo v. Tribunal Superior, 81 DPR 904, 912 (1960).

En fin, este Tribunal ha sido enfático en enunciar que cuando un organismo administrativo no advierte adecuadamente conforme lo dispone la LPAU, ello no puede perjudicarle a la parte. Resolver lo contrario tendría el peligroso efecto de permitir que la agencia se beneficie de actuaciones administrativas que inducen a error a la parte notificada. Horizon Media Corp. v. Junta de permisos y uso de terrenos de PR, *supra*. En consecuencia, el remedio que este Tribunal ha concedido en los casos de notificaciones erróneas ha consistido en otorgarle tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde o atender el recurso de revisión ya presentado; claro está, siempre y cuando no haya mediado incuria. Horizon Media Corp. v. Junta de permisos y uso de terrenos de PR, *supra*; Bomberos Unidos v. Cuerpo de Bomberos, 180 DPR 723, 762 (2011); Molini Gronau v. Corp. PR Dif. Pub., *supra*, pág. 688.

Al amparo de la normativa jurídica enunciada, procedo a exponer mi discernimiento en torno a la controversia de epígrafe.

### III

Conforme expuse, el 22 de mayo de 2014 le fue notificada al peticionario la Resolución administrativa que incluía su sanción disciplinaria. Aunque la Resolución notificada le advertía su derecho a solicitar

reconsideración ante la agencia en un término de 20 días o a instar un recurso de revisión judicial en un plazo de 30 días, ésta no exponía todos los pormenores con relación a cómo se activan los términos para acudir en revisión judicial. Es decir, la Resolución nada disponía sobre la manera en que comienzan a transcurrir los plazos para acudir en revisión judicial, conforme lo dicta el texto expreso de la Sec. 3.15 de la LPAU.

Recibida la notificación, el 23 de mayo de 2014, el peticionario solicitó reconsideración ante la agencia. Ésta fue declarada no ha lugar, mediante determinación notificada el 19 de septiembre de 2014. Es decir, aproximadamente 4 meses desde presentada la moción de reconsideración. A partir de esta notificación, el 20 de octubre de 2014, el señor García Sierra presentó un recurso de revisión judicial ante el Tribunal de Apelaciones.

Examinado el caso, el foro apelativo intermedio desestimó el recurso por falta de jurisdicción por estimar que la presentación fue prematura. En esencia, razonó correctamente que dejar de incluir en la Resolución todas las advertencias que requiere la LPAU constituyó una notificación defectuosa que contravino el debido proceso de ley del peticionario. Sin embargo, determinó que hasta tanto la agencia enmendara su formulario de notificación para cumplir con todo lo requerido por la LPAU, los términos para revisar judicialmente la determinación administrativa no se activarían. En desacuerdo con este proceder, el señor García

Sierra recurrió ante este Tribunal. Empero, su recurso de *certiorari* fue declarado no ha lugar por la Sala II de este Tribunal.

Luego de ponderar los documentos que obran en autos, considero que el Tribunal de Apelaciones incidió al desestimar el recurso del peticionario bajo el fundamento de que era prematuro debido a la notificación defectuosa de la agencia. En su lugar, entiendo que a tenor con nuestros pronunciamientos jurisprudenciales correspondía analizar la controversia según la doctrina de incuria y, por tanto, determinar si debía atenderse el recurso de revisión judicial ya presentado. Especialmente, ante el patrón de incumplimiento de la agencia que nos denuncia el Tribunal de Apelaciones, el cual por la seriedad del asunto amerita la intervención de este Tribunal. Me explico.

De una lectura de las advertencias contenidas en la Resolución notificada el 22 de mayo de 2014, se desprende con meridiana claridad que éstas no incluían todas las disposiciones pertinentes que establece la LPAU. Esto es, la Resolución notificada solo le apercibía al señor García Sierra de los términos generales para solicitar reconsideración o incoar un recurso de revisión judicial. Nada disponía de los otros pormenores para acudir en revisión judicial de acuerdo a la citada Sec. 3.15 de la LPAU.

Las omisiones de la agencia no necesariamente le impiden al señor García Sierra lograr un acceso adecuado al

foro judicial para solicitar revisión. Ello, porque la presentación del recurso de revisión ante el foro apelativo intermedio debió evaluarse a la luz de la doctrina de incuria.

El examen del expediente me lleva a concluir que el señor García Sierra actuó conforme a uno de los supuestos incluidos en las advertencias de la Resolución notificada el 22 de mayo de 2014. Es decir, solicitó reconsideración dentro del término de 20 días requerido. Luego de 4 meses sin expresión alguna de la agencia, recibió la notificación que declaró no ha lugar la reconsideración suplicada. Ante ello, el peticionario no se cruzó de brazos ni mucho menos mostró dejadez o negligencia, sino que diligentemente instó su recurso de revisión judicial oportunamente. Es decir, a pesar de la notificación defectuosa emitida por la agencia, el señor García Sierra ejerció válida y correctamente su derecho de acudir en revisión.

Adviértase que las circunstancias que motivan la presentación del recurso de revisión inevitablemente llevan a concluir que no se le ha ocasionado perjuicio alguno a la agencia concernida, ni se le ha colocado en estado de desventaja. Nótese que tampoco se ha causado un menoscabo a algún interés público o privado que amerite la desestimación del recurso. Todo lo contrario, considero que el presente caso contiene asuntos que requieren que se atiendan en los méritos.

Al amparo de lo anterior y en vista de que no hubo incuria por parte del peticionario, opino que el Tribunal de Apelaciones contaba con jurisdicción para atender el recurso de revisión instado. A esos efectos, sostengo que el foro apelativo intermedio debió dilucidar en sus méritos la reclamación presentada por el señor García Sierra y hacer una adjudicación conforme a Derecho. Incidió al desestimar su recurso sin ponderar las circunstancias del presente caso, a la luz de los pronunciamientos jurisprudenciales de este Tribunal.

Indudablemente, resolver que procedía la desestimación, sin más, del recurso de revisión judicial instado atestó un duro golpe al acceso a la justicia del señor García Sierra. En ese sentido, no basta un mero reconocimiento de los derechos del peticionario, sin acompañarlo con un efectivo remedio judicial que no se limite a depender de la voluntad de la agencia incumplidora. Ello se agrava al considerar que fue la reiterada actuación administrativa de incumplir con las advertencias legales que requiere nuestro ordenamiento lo que tuvo el efecto de cerrarle las puertas del foro judicial a quien válidamente acudió a ellas. Es decir, el incumplimiento de la agencia terminó beneficiándola y, en cambio, le ocasionó un perjuicio al señor García Sierra quien es precisamente el afectado por la determinación administrativa.

Por tanto, soy de la opinión de que el Tribunal de Apelaciones debió examinar la controversia en armonía con la

normativa jurisprudencial y estatuaria concerniente a las notificaciones administrativas defectuosas. Ciertamente, ese proceder le hubiera asegurado al señor García Sierra el acceso necesario para dilucidar los méritos de su reclamo, más allá del rigorismo con que lamentablemente se enfrentó. Ello me conduce a advertir nuevamente que el acceso a la justicia no debe ser relegado a mera retórica jurídica, sino que debe ponerse en acción; más aún cuando nuestro ordenamiento cuenta con los mecanismos para ello.

Por todo lo anterior, sostengo que el presente caso ameritaba la intervención de este Tribunal. En su lugar, se optó por proveer no ha lugar al recurso presentado por el señor García Sierra. En vista de que no puedo avalar un curso de acción que pasa por alto toda una normativa jurídica vigente con relación a las notificaciones administrativas defectuosas y, más aún, deja desprovisto del acceso a la justicia a un ciudadano, disiento.

## IV

Bajo el prisma de los fundamentos que anteceden, expediría el recurso de *certiorari* presentado por el señor García Sierra. Ello, con el fin de revocar el dictamen emitido por el Tribunal de Apelaciones y, por ende, devolver el caso a ese foro para que dilucide en los méritos el recurso de revisión instado por el peticionario.

Luis F. Estrella Martínez
Juez Asociado