EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Víctor Lyons Villanueva<br><br>Peticionario<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrido | Certiorari<br><br>2021 TSPR 58<br><br>206 DPR ____ |

Número del Caso: CC-2021-280

Fecha: 28 de abril de 2021

Tribunal de Apelaciones:

    Panel X

Abogado de la parte peticionaria:

    Por derecho propio

Materia: Resolución del Tribunal con Voto Particular de Conformidad Y Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Víctor Lyons Villanueva<br><br>Peticionario<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrido | CC-2021-0280 | Certiorari |

RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2021.

Examinada la *Petición de certiorari,* presentada por la parte peticionaria, se provee no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco emitió un Voto particular de conformidad al cual se unen los Jueces Asociados señores Kolthoff Caraballo, Rivera García y Feliberti Cintrón. El Juez Asociado señor Estrella Martínez disiente del criterio mayoritario y emitió un Voto particular disidente al cual se une el Juez Asociado señor Colón Pérez. La Jueza Presidenta Oronoz Rodríguez no interviene.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Víctor Lyons Villanueva<br><br>Peticionario<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrido | CC-2021-0280 | <u>Certiorari</u> |

Voto particular de conformidad emitido por la Jueza Asociada señora PABÓN CHARNECO a la cual se unieron los Jueces Asociados señores Kolthoff Caraballo, Rivera García y Feliberti Cintrón.

San Juan, Puerto Rico, a 28 de abril de 2021.

Estoy conforme con el resultado anunciado en la Resolución que antecede. Esto responde a que una disposición final de una agencia debe cumplir con los preceptos establecidos en la Sec. 3.14 de la Ley Núm. 38-2017, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9654, a saber: determinaciones de hecho, conclusiones de derecho, derecho a solicitar reconsideración o revisión judicial, *inter alia*. Su cumplimiento no consiste en meras formalidades, sino en salvaguardar el derecho que tienen las partes a un debido

proceso de ley y, a su vez, colocar a los foros apelativos en posición para ejercer adecuadamente su función revisora.

-I-

En el caso de epígrafe, el Sr. Víctor Lyons Villanueva (señor Lyons Villanueva) nos solicita que revoquemos una Sentencia del Tribunal de Apelaciones, que desestimó el recurso por prematuro ya que el Comité de Evaluación y Tratamiento del Departamento de Corrección y Rehabilitación no emitió una Resolución final con determinaciones de hecho y conclusiones de derecho según la Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme, *supra*. Tras examinar la Resolución de la agencia, resulta oportuno devolver el presente caso al foro administrativo para que emita una Resolución final conforme con la referida Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme, *supra*, toda vez que su determinación se circunscribió a establecer conclusiones de derecho.[1]

---

[1] La determinación de la agencia estuvo fundamentada en las siguientes conclusiones de derecho:

> El Comité acordó reclasificar su custodia a mediana. Se solicita traslado a Bayamón 705. Se refiere al Módulo de Terapias (trastorno adicto). El participante luego de una corroboración a la Prueba Toxicológica realizada el 20 de julio de 2020 y esta arrojar positivo a opiáceos. En el día de ayer se reciben los resultados realizados en el laboratorio MedTox Laboratories, los resultados reflejan 341 mg/ml de Morphine. Por lo tanto, se evalúa el caso por este incumplir con el Reglamento Interno para la prueba toxicológica del 8 de junio de 2018, donde indica en la página 31 inciso (6-7) que el Técnico Socio penal presentará el caso ante el Comité de Clasificación y Tratamiento para su revisión si aplica. En el inciso (7) indica [que] los casos que arrojan positivo se presentar[á]n ante el Comité de Clasificación y Tratamiento para estructurar un nuevo plan Institucional incluyendo evaluación de custodia, traslado cuando proceda y referimiento a los Módulos de tratamientos. Cabe mencionar que también incumplió con las normas y reglamentos de participación del Programa.

En nuestro ordenamiento administrativo, la revisión judicial comprende las tres (3) áreas siguientes: (1) concesión de un remedio apropiado; (2) revisión de las determinaciones de hecho sujeto al criterio de la evidencia sustancial, y (3) una revisión completa de las conclusiones de derecho. *Rolón Martínez v. Caldero López*, 201 DPR 26, 35-36 (2018); D. Fernández Quiñones, *Derecho Administrativo y Procedimiento Administrativo Uniforme*, 3ra ed., 2013, pág. 688. En esa dirección, la Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme*, supra*, establece que la intervención judicial sobre una determinación con carácter final de una agencia debe incluir, *inter alia*, determinaciones de hecho, conclusiones de derecho y la advertencia sobre el derecho a solicitar una reconsideración o revisión judicial. *Crespo Claudio v. OEG*, 173 DPR 804, 812-815 (2008). Los objetivos que persigue el efectuar determinaciones de hecho y conclusiones de derecho son: (1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esta tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad

---

Incumplió con las normas conforme lo indica en la página 1, inciso 10 el cual indica: "No haré uso de bebidas alcohólicas, ni sustancias controladas, ni portaré armas de fuego ni dentro ni fuera del programa". Además, incumplió con el contrato de Programa de Pre-Reinstalación a la Libre Comunidad pág. 2, inciso 8, el cual indica que "No utilizaré bebidas alcohólicas o sustancias controladas, medicamentos controlados sin estar debidamente autorizados por prescripción médica, ni mientras disfrute de cualquier tipo de pase o privilegio. Se refiere a tratamiento para que se beneficie al máximo de las terapias psicoadictivas[…].

y discreción; (3) ayudar a la parte afectada a entender el razonamiento de la agencia, para que así esté mejor informada para decidir si acude al foro judicial o acata la determinación; (4) promover la uniformidad intra-agencial, particularmente cuando el proceso decisorio institucional es adoptado por distintos miembros de un comité especial a quienes les está encomendado celebrar vistas y recibir la prueba, y (5) evitar que los tribunales se apropien de funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destreza. *Rivera Santiago v. Srio. de Hacienda*, 119 DPR 265 (1987).

Según indicado previamente, la agencia debe realizar determinaciones de hecho por separado en todo procedimiento final, a menos que las partes lo renuncien. 3 LPRA sec. 9654. Esta consignación no responde a meras formalidades. Ello, pues "[l]as determinaciones de hecho tienen que encontrar su razón de ser en la evidencia, en las materias de que se tomó conocimiento oficial y en todo aquello que haya transcurrido en la audiencia celebrada que sea parte del récord del caso". Fernández Quiñones, *op. cit.*, pág. 692. Estas son un puente entre la acción administrativa y la revisión judicial. "Las cuestiones de hecho surgen como consecuencia de la actividad realizada por la agencia de compilar el récord y procede de inmediato a precisar el fenómeno que aconteció o que habrá de suceder, sin tomar en consideración sus efectos legales". *Íd.* Es importante resaltar que las determinaciones de hecho

así como las conclusiones de derecho tienen finalidades distintas en la revisión apelativa. En cuanto a las determinaciones de hecho, el profesor Demetrio Fernández Quiñones dispone lo siguiente:

> La audiencia administrativa y el proceso decisional ayudan a distinguir entre cuestiones de hecho, determinaciones de hecho y conclusiones de derecho. Como antesala a ese proceso, la función administrativa de índole adjudicativa envuelve la admisión de evidencia, la ponderación y determinación de su confiabilidad y llegar a inferencias para desembocar en hechos básicos. De esos hechos básicos es que se articulan y formulan las determinaciones. **El proceso de determinarlos es sumamente importante y no debe ser considerado como algo técnico y mecánico.** Las determinaciones sirven finalidades fundamentales si se hacen con sumo cuidado y denotan que las cuestiones implicadas en el caso fueron examinadas meticulosamente. **Tienen el propósito de proveerles notificación adecuada a las partes y suministrarles información necesaria al Tribunal para que efectúe una revisión judicial adecuada. El propósito de requerir determinaciones de hecho es para demostrar que la agencia consideró en su totalidad la evidencia y evaluó los hechos. Le informan, además, a las partes los hallazgos de la agencia, de suerte que puedan preparar y presentar su solicitud de revisión.** *Íd.*, pág. 693. (énfasis suplido).

Luego de establecer las determinaciones de hecho en armonía con la prueba presentada, la agencia procede a aplicar el derecho a los hechos. *Super Asphalt Pavement, Corp. v. Autoridad para el Financiamiento de la Infraestructura*, 21 TSPR 45; *Rolón Martínez v. Caldero López*, supra. Esta aplicación constituye la plataforma ideal para "comenzar la tarea de formular la cuestión de derecho presente en la revisión judicial". Fernández Quiñones, *op. cit.*, pág. 715. Mientras que los foros apelativos suelen

concederles deferencia a las determinaciones de hecho, las conclusiones de derecho son revisables en todos sus aspectos. *Super Asphalt Pavement, Corp. v. Autoridad para el Financiamiento de la Infraestructura*, 21 TSPR 45; *Rolón Martínez v. Caldero López*, supra; Fernández Quiñones, *op. cit.*

## -II-

En el caso de autos nos encontramos en una etapa prematura para concluir que la disposición de la agencia es suficiente, pues desconocemos cuáles son las determinaciones de hecho que utilizó la agencia para las conclusiones de derecho que alude en su determinación. Avalar la suficiencia de la determinación conllevaría apropiarnos de funciones que le corresponde a la agencia, tales como llegar a inferencias en cuanto a la admisibilidad de la evidencia para articular determinaciones de hecho. O peor aún, partir de la premisa que se renunció a la consignación de determinaciones de hecho, cuando ello no surge del expediente.[2] También partiríamos de una presunción que la agencia consideró la totalidad de la evidencia y ponderó los hechos ante sí. Este

---

[2] Cabe mencionar que entre los errores que señaló el señor Lyons Villanueva ante el Tribunal de Apelaciones fue precisamente el incumplimiento de la agencia con la Ley Núm. 38-2017, según enmendada, conocida como la Ley de Procedimientos Administrativos Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9654. A lo que el Departamento de Corrección y Rehabilitación admitió que le asistía la razón, por lo cual solicitó que el caso fuese devuelto a la agencia para que atendiera, *inter alia*, este asunto. A tales efectos, el foro intermedio actuó correctamente en devolver el caso a la correspondiente agencia para que cumpla con lo dispuesto en la Ley de Procedimientos Administrativo Uniforme, *supra*. Específicamente que consigne determinaciones de hecho y conclusiones de derecho, así como otros requisitos que impone la sección 3.14 de la Ley de Procedimiento Administrativo Uniforme, *supra*.

no fue el objetivo principal del legislador al estatuir la Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme, *supra*. Por el contrario, su propósito consistió en que la agencia obedezca los requisitos mínimos que dispone la Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme en sus disposiciones finales. De este modo se cumple con el debido proceso de ley. No concuerdo en ignorar el procedimiento establecido en la sección 3.14 de la Ley de Procedimiento Administrativo Uniforme, *supra*. En cuanto a las funciones legislativas, conviene destacar que no debemos atribuirle al legislador actos inútiles. *Ortiz Chevere v. Srio. Hacienda*, 186 DPR 951, 977 (2012).

A raíz de lo anterior, reitero en que procede devolver el caso a la agencia administrativa para que cumpla con lo dispuesto en la Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme, *supra*. Así garantizamos el cumplimiento con el debido proceso de ley y los foros apelativos estarán en posición para considerar la controversia sustantiva en su momento.

-III-

Por lo anteriormente expuesto, estoy conforme con el resultado anunciado en la Resolución que antecede. Por lo cual, el Tribunal de Apelaciones actuó correctamente en devolver el caso a la correspondiente agencia para que consigne determinaciones de hecho y conclusiones de derecho,

así como otros requisitos que impone la Sec. 3.14 de la Ley

de Procedimiento Administrativo Uniforme, *supra*.


                              Mildred G. Pabón Charneco
                                  Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Víctor Lyons Villanueva<br><br>Peticionario<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrido | CC-2021-0280 | Certiorari |

Voto particular disidente emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ al cual se une el Juez Asociado señor COLÓN PÉREZ

En San Juan, Puerto Rico, a 28 de abril de 2021.

Una vez más, este Tribunal concede al Estado un turno adicional al bate al devolver innecesariamente una causa de acción al foro administrativo por la supuesta necesidad de enmendar una resolución, pero que tiene como resultado real la dilación irrazonable de la revisión judicial del caso en los méritos. De primera impresión, el razonamiento para ello por parte del foro apelativo recurrido pudiera resultar plausible al escudarse en un alegado incumplimiento con la Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico, Ley Núm. 28-2017 (LPAU). No obstante, una vez se escudriña el expediente de autos en su totalidad, particularmente la determinación administrativa que dio base

al procedimiento de revisión judicial, así como la precisión en los señalamientos de errores, no cabe duda de que el Tribunal de Apelaciones contaba con la información necesaria para, en este momento, adjudicar la controversia.

A pesar de lo anterior, este Tribunal optó por abdicar su jurisdicción por alegados incumplimientos de forma que no inciden en los derechos de las partes ni en la facultad de los tribunales para adjudicar la controversia. Con ello, promueve un formalismo que, en muchas ocasiones, ha asfixiado reclamos válidos de sectores vulnerables.

El efecto de tal curso de acción apunta a que el Estado parece gozar de oportunidades y turnos adicionales que estos sectores carecen. Es por eso por lo que, otra vez, desde la disidencia denuncio este preocupante patrón. En el descargo de nuestra responsabilidad, hubiese expedido el recurso con el fin de revocar la desestimación del Tribunal de Apelaciones y, en su lugar, ordenar la atención del recurso en sus méritos.

Expuesta así la controversia, procedo a esbozar los antecedentes fácticos y procesales que la suscitaron.

I

Esta disputa inició con la administración de una prueba toxicológica al Sr. Víctor Lyons Villanueva (señor Lyons Villanueva), quien se encuentra privado de su libertad en una institución penal. Eventualmente, la prueba arrojó un resultado positivo a sustancias controladas. Dado lo anterior, el Comité de Evaluación y Tratamiento (Comité)

rindió un informe titulado <u>Acuerdos del comité de clasificación y tratamiento</u> (Acuerdos del Comité) con el propósito de revaluar el plan institucional del confinado. En consecuencia, conforme con la <u>Escala de reclasificación de custodia (casos sentenciados)</u>, el señor Lyons Villanueva obtuvo una puntuación de cinco (5), la cual corresponde a un nivel de custodia mínima. No obstante, el Comité aplicó una modificación discrecional por "desobediencia ante las normas", para un nivel de custodia más alto. Consecuentemente, se reclasificó la custodia del señor Lyons Villanueva de mínima a mediana.

Ante tal reclasificación de custodia, el señor Lyons Villanueva presentó una solicitud de reconsideración, la cual fue denegada. Subsiguientemente, el señor Lyons Villanueva acudió **oportunamente** <u>in forma pauperis</u> al Tribunal de Apelaciones e impugnó la determinación administrativa mediante ocho (8) señalamientos de errores. En síntesis, siete (7) de los errores esbozados fueron sustantivos, específicamente en cuanto al alegado mal manejo de la prueba toxicológica, así como de los resultados de ésta. Mediante el otro, cuestionó **de forma generalizada** el incumplimiento por parte del Departamento de Corrección y Rehabilitación (Corrección) con diversos reglamentos y leyes, incluyendo la LPAU.

Así las cosas, el Procurador General compareció en representación de Corrección. Por una parte, arguyó que la impugnación debía ser desestimada, mientras que, por otra,

defendió el recurso en los méritos y concluyó que la determinación administrativa debía ser confirmada por ser conforme a derecho y estar fundamentada en el expediente. En cuanto a la desestimación, adujo que "si bien [la reclasificación de custodia] tuvo sus acuerdos y los fundamentos bien detallados, así como la determinación final sobre custodia, ella no constituye una Resolución final conforme la Sec. 3.14 de la [LPAU]".[3] Así, el Procurador General alegó que "[t]oda vez que [la resolución] carece de determinaciones de hecho y conclusiones de derecho. . . [solicitamos] que el caso sea devuelto a la agencia para la requerida corrección".[4] Es decir, el Procurador General sostuvo que el caso debía devolverse al ente administrativo para que éste emitiera una resolución conforme a derecho.

Ante esto, el Tribunal de Apelaciones acogió la solicitud del Procurador General y emitió una sentencia en la que determinó que Corrección "esta[ba] obligada a emitir una resolución apoyada en los hechos que surjan del récord del recurrente, y en el derecho aplicable a su solicitud de reclasificación".[5] En consecuencia, desestimó el recurso y ordenó su devolución a Corrección con la instrucción de que

_____

[3]Apéndice de certiorari, Escrito en cumplimiento de orden, pág. 1.

[4]Íd.

[5]Íd., Sentencia [del Tribunal de Apelaciones], pág. 3.

"emita una resolución completa, que contenga las determinaciones de hecho y las conclusiones de derecho".[6]

En desacuerdo, el señor Lyons Villanueva comparece ante este Tribunal.[7] En síntesis, nos solicita que revoquemos al foro apelativo intermedio, esencialmente, por: (1) desestimar el recurso, a pesar del mal manejo de la prueba toxicológica y sus resultados por parte de Corrección, y (2) desestimar el recurso y ordenar su devolución a Corrección para que incluyera nuevamente las determinaciones de hecho y conclusiones de derecho, lo cual constituye una violación a su debido proceso de ley.

**II**

De entrada, resulta preciso destacar que no coincido con el razonamiento del foro apelativo intermedio. Debido a los

---

[6]Íd. Advertimos que la Sentencia del Tribunal de Apelaciones fue emitida el 26 de febrero de 2021, pero no fue notificada sino hasta el 3 de marzo de 2021.

[7]Según consta de la Declaración en apoyo de solicitud para litigar como indigente (in forma pauperis) y de la Petición de certiorari, ambas contienen fecha del 18 de marzo de 2021. Ahora bien, éstas fueron recibidas en la Secretaría de este Tribunal el 7 de abril de 2021. Asimismo, según consta de una Notificación al Procurador General con fecha del 2 de abril de 2021, el señor Lyons Villanueva informó que remitió a este Tribunal su Petición de certiorari el 25 de marzo de 2021. Al mismo tiempo, destacó que, para esta fecha, la tramitación de las cartas se vio afectada por la pandemia, el protocolo de descontaminación, la ausencia del encargado de la correspondencia y los días festivos de la Semana Santa. Por tanto, teniendo en consideración que el señor Lyons Villanueva acreditó que nos remitió el certiorari el 25 de marzo de 2021 y que surge del sobre una nota a Secretaría solicitando su tramitación urgente, estimo que el recurso fue presentado dentro del término reglamentario. Lo anterior, de conformidad con lo resuelto por este Tribunal en Alamo Romero v. Adm. de Corrección, 175 DPR 314 (2009).

hechos particulares de este caso, en lugar de ser desestimado, el recurso debió ser atendido en los méritos por el Tribunal de Apelaciones.

Un análisis exhaustivo del expediente demuestra que la determinación de reclasificación de custodia que objeta el señor Lyons Villanueva contiene los elementos esenciales para su adjudicación, por lo que reiniciar el ciclo de revisión judicial al ordenar su devolución al foro administrativo sería un ejercicio fútil.

Según señaló el Comité, los fundamentos para dicha reclasificación fueron los siguientes:

> [1] El [Comité] acordó reclasificar su custodia a mediana.
> [2] Se solicita traslado a Bayamón 705. Se refiere al Módulo de Terapias (trastorno adictivo).
> [3] El participante luego de una corroboración a la Prueba Toxicológica realizada el 20 de julio de 2020 y esta arrojar positivo a opiáceos, en el día de ayer se reciben los resultados realizados en el laboratorio MedTox Laboratories, los resultados reflejan 341 mg/ml de Morphine.
> [4] Por tanto, se evalúa el caso por este incumplir con el Reglamento Interno para la prueba toxicológica del 8 de junio de 2018, donde indica en la página 31 inciso (6-7) que el Técnico Sociopenal presentará el caso ante el Comité de Clasificación y Tratamiento para su revisión si aplica.
> [5] En el inciso (7) indica que los casos que arrojen positivo se presentaran ante el Comité de Clasificación y Tratamiento para estructurar un nuevo plan Institucional incluyendo evaluación de custodia, traslado cuando proceda y referimiento a los Módulos de tratamiento.
> [6] Cabe mencionar que también incumplió con las normas y reglamentos de participación del Programa. Incumplió

con las normas conforme lo indica en la página 1, inciso 10 el cual indica: "No haré uso de bebidas alcohólicas, ni sustancias controladas, ni portaré armas de fuego ni dentro ni fuera del programa".

[7] Además, incumplió con el contrato del Programa de Pre-Reinserción a la Libre Comunidad pág. 2, inciso 8, el cual indica que "No utilizaré bebidas alcohólicas o sustancias controladas, medicamentos controlados sin estar debidamente autorizados por prescripción médica, ni mientras disfrute de cualquier tipo de pase o privilegio.

[8] Se refiere a tratamiento para que se beneficie al máximo de las terapias psicoadictivas. . ..[8]

Posteriormente, una vez el señor Lyons Villanueva solicitó la reconsideración, la Sra. Ivelisse Milán Sepúlveda, Supervisora, denegó la solicitud y concluyó lo siguiente:

Concurrimos con la determinación del Comité de Clasificación y Tratamiento en cuanto a custodia mediana se refiere. El hecho de incidir en el uso de sustancias controladas demuestra un pobre compromiso sobre su proceso de rehabilitación y una clara desobediencia ante las normas de la Agencia, lo cual fundamenta el nivel de custodia asignado y es cónsono con el Reglamento Interno para la Administración de Pruebas para Detectar el Uso de Sustancias Controladas en la Población Correccional del DCR-Artículo VII Negociado de Instituciones Correccionales, Sección E: Manejo de resultados positivos de prueba toxicológicas rápidas Inciso 7- Los casos que arrojen resultados positivos, se presentarán ante el Comité de Clasificación y Tratamiento para estructurar un nuevo plan institucional, incluyendo evaluación de la custodia,

_____

[8]Íd., Acuerdos del comité (Anejo 8), págs. 1-2. Se advierte que se optó por enumerar lo transcrito para una mejor lectura y comprensión de lo expuesto.

traslado cuando proceda y referido a los módulos de tratamiento.[9]

Una lectura de los fundamentos expresados por el ente administrativo para la reclasificación de custodia me lleva a concluir que, contrario a lo resuelto por el Tribunal de Apelaciones, la determinación administrativa fue lo suficientemente específica como para que, tanto el señor Lyons Villanueva como el Procurador General, argumentaran en los méritos sobre la controversia planteada. Como cuestión de hecho, así lo hicieron. De hecho, la única parte que alegadamente se afectaría por los supuestos defectos de la determinación administrativa que nos ocupa, se encuentra precisamente tocando las puertas de este Tribunal para que se atienda la sustancia de sus siete (7) señalamientos de errores y evitemos que el Estado tergiverse un señalamiento de error genérico para desviar la atención de los restantes reclamos sustantivos presentados por el señor Lyons Villanueva.

Ante esa realidad, este Tribunal debió expedir el recurso, revocar al Tribunal de Apelaciones y ordenarle la revisión de la controversia en sus méritos. Esto, pues, la especificidad de la determinación en la que el Comité fundamentó la reclasificación, así como la particularidad de los señalamientos de errores presentados por el señor Lyons Villanueva, tienen primacía sobre el incumplimiento con

---

[9] Íd., Escrito en cumplimiento de orden, pág. 3; Anejo 11, pág. 2.

alegados requisitos de forma que no inciden sobre los derechos de las partes.

El octavo señalamiento de error presentado por el señor Lyons Villanueva, el cual, tal y como destacamos, recoge de forma generalizada el incumplimiento por parte de Corrección con diversos reglamentos y leyes, no puede eclipsar los otros siete (7) errores que fueron argumentados concreta y detalladamente. **Ello, máxime, cuando, contrario a lo dispuesto por el Tribunal de Apelaciones, el señor Lyons Villanueva nunca objetó la alegada falta de inclusión de determinaciones de hecho y conclusiones de derecho en la resolución emitida por Corrección.**[10]

Asimismo, el señor Lyons Villanueva tampoco objeta la alegada falta de determinaciones de hecho y conclusiones de derecho en la Petición de certiorari ante nuestra consideración. Al contrario, éste destaca como error que el foro apelativo intermedio no haya resuelto de conformidad con lo expresado por la Hon. Juez Méndez Miró en su voto particular disidente. Es decir, muestra reparos con que se

---

[10]Así se desprende de la Revisión judicial presentada en el foro apelativo intermedio por el señor Lyons Villanueva. Además, como muestra de lo anterior, en la comparecencia del Procurador General, éste expresó que "[e]l señalamiento número ocho del [señor Lyons Villanueva] sobre el incumplimiento con la LPAU, **aunque planteado de forma general**, constituye la razón por la cual este caso debe ser devuelto a la agencia. . .". (Énfasis suplido). Escrito en cumplimiento de orden, pág. 6. Véase, también, voto disidente emitido por la Hon. Juez Méndez Miró, quien expuso que "**ausente objeción por parte del señor [Lyons] Villanueva**" de la alegada falta de inclusión de determinaciones de hecho y conclusiones de derecho, "se debió atender el recurso de una vez" en los méritos. (Énfasis suplido). Íd., pág. 1.

haya devuelto el caso a Corrección por el alegado incumplimiento con tal requisito de forma.

En ese sentido, no podemos obviar lo específico bajo el pretexto de atender un señalamiento de error generalizado que conllevaría atrasar los procedimientos. Ello, particularmente cuando el alegado defecto de forma señalado por el foro apelativo intermedio no afectó los derechos apelativos de las partes.

Sin duda, los hechos particulares que motivaron la presentación del recurso de revisión, así como los fundamentos del Comité para la reclasificación de custodia, habilitaron una revisión adecuada de la actuación administrativa. Además, fueron suficientes para que el señor Lyons Villanueva entendiera la determinación tomada por Corrección, de modo que este último tuviera la capacidad para impugnarla en los méritos en los foros correspondientes. Dado lo anterior, éste efectúa señalamientos puntuales sobre los alegados errores cometidos por el Comité; señalamientos que, seguramente, no hubiera podido realizar de no contar con los fundamentos para la determinación de Corrección.

Ante este escenario, y consecuente con mi postura de no afectar los derechos de las partes que han acudido oportunamente a los tribunales por meras omisiones de forma que no afectan sus derechos, tal cual es el caso de las notificaciones defectuosas en aquellas instancias en que la parte acude oportunamente al foro revisor, sostengo que el foro apelativo intermedio debió dilucidar la reclamación

presentada por el señor Lyons Villanueva en sus méritos y hacer una adjudicación conforme a Derecho. García Sierra v. Adm. Corrección, 192 DPR 936 (2015) (Estrella Martínez, voto particular disidente).

Lo anterior, máxime, cuando, tal y como señaló la Hon. Juez Méndez Miró en su voto disidente, la reclasificación de custodia del señor Lyons Villanueva representa, prácticamente, un calco de otras determinaciones de reclasificaciones en las que el foro apelativo intermedio ha ejercido su jurisdicción.[11]

Como mencioné, la desestimación y devolución del caso a Corrección resultará en un ejercicio infructuoso con la consecuencia de postergar y dificultar irrazonablemente los reclamos presentados por el señor Lyons Villanueva. Este proceder resulta altamente reprochable, pues, si bien la determinación administrativa no es perfecta, cuenta, indudablemente, con los elementos necesarios para la adjudicación de la controversia. En consecuencia, tal y como destacó la Hon. Juez Méndez Miró:

> [L]a adopción de este curso de acción transgrede principios básicos de acceso a los tribunales y de economía procesal. Lo que es más, en esta ocasión tal proceder avala una nueva estrategia de litigio del Estado que opera en abierto perjuicio de los derechos que le asisten al señor [Lyons] Villanueva a tener una pronta resolución de su caso. . . .. Íd., págs. 5-6.

_____

[11] Lyons Villanueva v. Departamento de Corrección y Rehabilitación, KLRA202000396, (Méndez Miró, voto disidente), pág. 4.

Por tanto, habida cuenta de que el señor Lyons Villanueva acudió **oportunamente** y presentó su recurso de revisión judicial **conforme a Derecho**, reitero que el Tribunal de Apelaciones venía obligado a dilucidar la controversia en los méritos.

En fin, entre el cumplimiento innecesario de un formalismo y atender oportunamente un asunto que no es necesario postergar, escojo darle el turno a esto último.

### III

Por las razones expuestas y por entender que el presente caso ameritaba la intervención de este Tribunal, disiento. Así, hago constar que hubiese expedido el recurso de autos y revocado el dictamen emitido por el Tribunal de Apelaciones. Lo anterior, con el propósito de devolver el caso a ese foro para que dilucidara en los méritos el recurso de revisión instado por el señor Lyons Villanueva.

Luis F. Estrella Martínez
Juez Asociado